Hand-Delivered

FILED
CHARLOTTE, NC

MAR 2 0 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CASE NO. 3:25-cv-200-KDB

PHYLLIS MICHAUX

Plaintiff,

vs.

COMPLAINT

MANN+HUMMEL FILTRATION TECHNOLOGY

1 WIX WAY

GASTONIA, NC 28054

Defendant(s).

## A. JURISDICTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. Section 2000e(5). Equitable and other relief are also sought under 42 U.S.C. 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. Sections 1331, 1343 and 42 U.S.C. Sections 1981 et seq. Where employment discrimination based upon age is alleged, jurisdiction is conferred by 29 U.S.C. Sections 626(c)(1) and 626(e) and appropriate relief is also sought.

## B. PARTIES

1. Name of Plaintiff: PHYLLIS MICHAUX
   Address: 435 43rd Ave. NW. Hickory NC 28601

2. Name of first Defendant: MANN+HUMMEL
   Address: 1 WIX WAY  GASTONIA, NC 28054

   Address: _____
   _____
   _____

(Use additional sheets if necessary.)

## C. NATURE OF CASE

1. The address at which I sought employment or was employed by the defendant(s) is:

2. 1 WIX WAY  GASTONIA, NC 28054

3. The discriminatory acts occurred on or about:

   October 11th, 2023, through April 5th 2024.

3. I filed charges with the Equal Employment Opportunity Commission regarding the defendant's discriminatory conduct on or about:
   05/22/2024 _____(Month, Day, Year)

4. The Equal Employment Opportunity Commission sent the attached "Notice of Right to Sue" which I received on:
   12/23/2024 _____(Month, Day, Year)

5. The discriminatory acts that are the basis of this suit are:
   a. _____ Failure to employ me.
   b. __X_ Failure to promote me.
   c. _X__ Termination of my employment.
   d. _____ Demotion.
   e. __X__ Denied equal pay/work.
   f. _____ Sexual harassment.
   g. __X__ General harassment.
   h. __X__ Retaliation
   i. __X__ Age Discrimination
   j. __X__ Race Discrimination
   k. __x__ Defamation of Character
   l. Please see the attachment
   _____
   _____

6. Defendant's conduct is discriminatory with respect to:
   a. __X____ my race
   b. __X____ my color
   c. _____ my sex
   d. __X____ my religion
   e. _____ my national origin
   f. __X____ my age

7. I believe that the defendant is still committing these acts against me.

   YES __X___          NO _____

## D. CAUSE OF ACTION

1. I allege that the defendant has discriminated against me and that the following facts from the basis for my allegations:

I am pleading with the court system to please read my comments before making any immediate decisions that have been made by Mann+Hummel Corporation. If you research, you will find that M+H has been sued numerous times, and each time they will concoct a story to release themselves from the blame. Fortunately, there have been may Lawyers that have proved them wrong. I do not have the income to pay professional Lawyers but I can guarantee if my case is heard in Federal or Supreme Court, I will come prepared to prove my case. You will find an extreme amount of derogatory statements made about my work ethic but yet I have not been written up until I had the PIP. My previous manager quit M+H and made extremely harsh statements about the company heading for failure. This case strictly pertains to the issue with my most current Manager Justin Wickman and the mistreatment the company allowed me to endure while under his supervision.

Count1:

RETALIATION

Supporting Facts: (Describe exactly what each defendant did or did not do. State the facts clearly in your own words without citing any legal authority. Use additional sheets if necessary.)
I received a call from the Human Resources Department (Stephanie Suarez - HR Manager) stating there was an anonymous complaint made against the company, and I needed to answer her questions. HR-Stephanie Suarez did not ask me if I made the complaint, she just told me to answer the questions and my answers would not place me in danger of termination. She asked me a series of questions about mistreatment, retaliation, and if I felt discriminated against. I told her yes to each question and she knew how I felt because I had already had several meetings with HR and Manager Donald Chilton, pleading with them about how I was being excluded and treated. HR took absolutely no action to proceed with a meeting to resolve these issues. It was only when she received the complaint that they (HR Stephanie Suarez, Justin Wickman, and Donald Chilton), had an immediate meeting with me, placed me on a PIP, and then terminated me out of anger! I had also reported to HR that I had an improper yearly evaluation with Justin Wickman and she did not take action. I informed her again that Justin Wickman would retaliate against me. It was after the PIP that I informed Donald Chilton, (Justins Manager) about he improper yearly evaluation and he was EXTREMELY upset because the proper requirements from the VP of the company were not

properly followed by Justin Wickman. My yearly evaluation was given verbally with no actual Performance Review Form and not using the required verbiage for rating my work progress and expectations. Justin Wickman told me I was doing a great job and that the company money was low so everyone got very low raises. He did not clarify the amount of my raise therefore I asked HR Stephanie Suarez how much it was. I was told that everyone was to receive no less than 3%, myself and another black woman receive 1%. These were clear acts of retaliation against me and they did not have any proof that I made the complaint from the beginning. I did not find out my Performance Review Expectations until I returned from a 2 week Christmas vacation and found my Performance Review Documents and my personal information laid out on my desk! I can guarantee my teammates had seen them because there were gifts placed on my desk from various work friends.

Count 2:

WRONGFUL TERMINATION

Supporting Facts: Following the phone call from HR about the anonymous complaint, I was placed on a (PIP) Performance Improvement Plan from March 4th, 2024, through April 4th, 2024. I was informed by Justin Wickman that my job performance was sufficient, and I would be removed from the PIP at the end of the term. I was later terminated for unclear reasons. Work Performance: I was called into the office with a Chart, most likely made by Max Hinckel, he is the employee who did the majority, if not all of the work for Andrew Greenwell and Justin Wickman. The chart showed areas of my work on in-office days and work-from-home days. A Research Analyst is required to Research an abundance of vehicle magazines, talk to vehicle Salespersons, and obtain part numbers for M+H to copy and resale. I was never questioned about how I researched my work because I always met or exceeded my monthly goal. The very first time we met about this was after I was questioned about the complaint and it was a part of the PIP. Donald did not EVER have any issues or questions about my work until Justin Wickman became our Manager. Donald Chilton and Stephanie Suarez has since realized they both made extremely poor decisions. Max Hinkel quit because he did not receive what he was promised, and Andrew Greenwell quit because Justin tried to defend him in a situation with another employee, (I had made several complaints about Justin Wickman and Andrew Greenwell unusual relationship and the favoritism he showed towards Andrew.) Justin Wickman has currently been demoted due to his

poor leadership. I made several attempts to speak with HR-Stephanie Suarez, she told me she would document each meeting and to keep her posted. I also spoke with Donald Chilton about Justin Wickman's actions. Our one meeting with myself, Justin Wickman and Donald was mainly to notify Justin Wickman that he was hired to be our Manager and not Andrew Greenwell. The "Clean Data" idea was made up by Andrew Greenwell and more than supported by Justin Wickman. Andrew Greenwell was very aggressive with the process of him being in charge of our team, which was consistently allowed by Justin Wickman. We were pulled from our normal task to work on whatever Andrew Greenwell wanted. His goal was to be the Manager. Andrew Greenwell informed our teammates that we did not need ot research any vehicles. As a result, I noticed numerous applications that were incorrectly processed by my peer Selina Rentz Weddle. I was not allowed to share any incorrect information with Selina, no incorrections were acknowledged by anyone but myself, which were very minor. Justin Wickman told a huge lie about me deleting hundreds of applications but never developed the proof. Please review the chart to see where it states application changes, this means altered applications that were present. The majority of Selina's work was what we call, "duplicates" and I informed Justin Wickman and Donald Chilton that there were numerous applications that were done by Selina Rentz Weddle that were left italicized, or unfinished. I also showed this to our teammate Dan Moser. There was never an actual chart to show the work of Selina Rentz Weddle that was presented for comparison in detail. I have documentation as well that shows different circumstances and the IT Department should be involved in the matter. Did he also have a chart for all of my peers for comparison at that time? NO. Please hear my case in the Federal or Supreme Court because there is much more to this case or they would still be working at M+H.

**Please see the attached sheet for more information on the Counts for this Lawsuit. I do have additional documentation for a court appearance.

E. INJURY

How have you been injured by the actions of the defendant(s)?

Due to the actions of the defendant, I have suffered anxiety and depression.

## F. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

Have you filed other lawsuits in the state or federal court that deal with the same facts that are involved in this action?  YES _____   NO ____X____

If your answer is "YES", describe each lawsuit. (If there are more than one lawsuits, describe additional lawsuits on additional separate pages, using the same outline.)

1. Parties to previous lawsuits:

Plaintiff(s):  N/A

Defendant(s): N/A

2. Name of court and case or docket number: N/A

3. Disposition (for example, was the case dismissed? Was it appealed? Is it still pending?)

   N/A

4. Issues raised:

   NA

5. When did you file the lawsuit? _____N/A_____(Date: Month/ Year)

6. When was it (will it be) decided? _____N/A_____

Have you previously sought informal or form relief from the appropriate administrative officials regarding the acts complained of in Part D?

   YES _____     NO __X____

If your answer is "YES" briefly describe how relief was sought and the results. If your answer is "NO" explain why administrative relief was not sought.

N/A

## G. REQUEST FOR RELIEF

I believe I am entitled to the following relief:

<u>1 Full year of pay due to no employment, full repayment of illegal COVID-19 deduction, pain and suffering from anxiety, depression, and excess bills, and compensation for gas, time, and filing fees for this Lawsuit. And I would like a verbal apology and retraction for the harsh words used to scandalize my character. "Stating that made threats to kill my coworkers and I was seeing demons"</u>

M+H will have professionally typed, fabricated documentation but I do believe when we appear in court the truth will be revealed. I also ask for permission to have several co-workers subpoenaed. I respectfully ask for the mercy of the Judge and Court to hear my case. Employers like M+H need to stop the mistreatment of employees. I am left with little to no income but willing to fight this case not only for myself but for many others who are unable to afford to stand against wrongful termination as a whole.

## JURY TRIAL REQUESTED

YES __X__   NO _____

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty that he/she is the plaintiff in the above action, that he/she has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Executed at _____

on _____(Location)_____(Date) 3/20/2025

WDNC-EEOC Complaint form – Feb 2016                                                                 8
Case 3:25-cv-00200-KDB-SCR    Document 1    Filed 03/20/25    Page 8 of 19

Signature _Phyllis W. Michael_

A.

1. I allege that the defendant has discriminated against me and that the following facts from the basis for my allegations:

Count1:

## RETALIATION

Supporting Facts: (Describe exactly what each defendant did or did not do. State the facts clearly in your own words without citing any legal authority. Use additional sheets if necessary.) I received a call from the Human Resources Department (Stephanie Suarez - HR Manager) stating there was an anonymous complaint, and I needed to answer her questions. Stephanie Suarez confirmed that I would not be terminated for my answers. Please Note: There were several meetings with HR and myself about the unfair treatment I experienced from Manager Justin Wickman. No actions were taken.

Count 2:

## WRONGFUL TERMINATION

Supporting Facts: Following the phone call from HR about the anonymous complaint, I was placed on a (PIP) Performance Improvement Plan from March 4th, 2024, through April 4th, 2024. I was informed by Justin Wickman that my job performance was sufficient and that I would be removed from the PIP at the end of the term. I was later terminated for unclear reasons.

Count 3:

## HARASSMENT

Supporting Facts: Manager Justin Wickman was allowed to continue to harass me with unethical emails. Justin allowed an employee/team member,

(Selina Weddle to travel to an M+H sister Plant with the intentions of gathering parts that I ordered. Selina Weddle shared her intentions with other team members at the M+H sister plant and stated her goal was to get me. (Phyllis Michaux) fired. Justin Wickman was allowed to continue to exclude me from meetings that pertained to information about my job. Justin Wickman instructed Selina Rentz Weddle to train my replacement 2 days before I was terminated. She is currently performing my previous task.

Count 4:

## DISCRIMINATION

Each employee was allowed to receive a minimum 3% pay increase. I received a 1.5% pay raise and Justin Wickman never confirmed the amount. I had to call HR (Stephanie Suarez) to confirm my amount.

Justin Wickman did not perform the correct procedure for my Annual Review. He did not mention the correct terms for work progress as required by the M+H company rules. These requirements are per the President of M+H. Justin Wickman exposed my personal information and evaluation by leaving my personal documents on my desk while I was on a 2-week vacation. Justin Wickman's manager Donald Chilton, HR -Stephanie Suarez, and I had a meeting about Justin Wickman's improper yearly evaluation and exposing my documents. Justin Wickman admitted to them that my information was exposed but was not reprimanded.

Manager Justin Wickman was allowed to continue to exclude me from meetings and other involvement as I was the only African American in our team, located at 1 Wix Way.

Count 5:

## AGE DISCRIMINATION

Justin repeatedly made comments about how me being older needed to stop doing things the old way. Justin Wickman made consistent remarks also about teammate Dan being so old and will be retiring soon so out with the old and in with the new ways from the younger crowd. Justin Wickman also stated that I

should apply for the Customer Service Manager position before I ever spoke with him about it. I felt Justin Wickman never wanted me to be a part of the team.

Count 6:

## FAVORITISM

I reported several acts of evident favoritism involving Justin Wickman and Andrew Greenwell. The acts were extremely unethical, and after speaking to Donald Chilton, we had a meeting with Justin Wickman. Donald Chilton informed Justin to let Andrew know of his status within the team; he is to be considered equal to our peers.

Justin Wickman was allowed to remove me from my work tasks and reassign them to Selina at her request. Justin Wickman allowed Selina Rentz Weddle, Andrew Greenwell, and Max Hinkel to work at their preference, spend excessive time in the smoke area, and talk/non-work 80% of the time in an 8-hour workday. Justin Wickman never had a Team meeting to explain the permanent tasks for Selina Rentz Weddle, Andrew Green, and Max Hinkel. My peers were allowed to pick and choose their tasks, which allowed them to exclude their job requirements and take or swap work tasks with other team members.

Manager Justin Wickman allowed Andrew Greenwell to take his place and make managerial decisions per his preference. He purchased and gifted Max, Andrew, and Selina with work trips, and upgraded office equipment, per their preference.

Count 7:

## RELIGION

I expressed to Manager Justin Wickman that I believe in attending church faithfully, which would not allow me to use loose profanity consistently as my teammates in question. I overheard Selina Rentz Weddle, and Max Hinkel comment on getting drunk and comment on how Justin Wickman currently

resides in the same neighborhood. I felt as though my beliefs caused me to be excluded as well.

Count 8:

## FAILURE TO PROMOTE

Max Hinkel, Andrew Greenwell, and Selina Rentz Weddle were all promoted to other positions but there was never a formal Team Meeting to explain why or inform us of their tasks. I had to speak with HR Stephanie Suarez before calling a meeting with Justin Wickman to discuss how I had acquired new tasks asking for a raise.

Max Hinkel has currently resigned from Mann+Hummel and stated that he did not receive what he was promised.

Andrew Greenwell has quit Mann+Hummel after an altercation with a different teammate that also involved favoritism from Justin Wickman. Justin Wickman's actions towards the Caucasian female have allegedly led to his demotion from Manager however he is currently employed as a regular team member.

Count 9:

## DEFFAMATION OF CHARACTER

Mann+Hummal has allowed Manager Justin Wickman to scandalize and slander my name through third-party, documented statements. The untrue statements about me are sickening, and horrendous, and caused me to experience deep depression and conform to my home for some time. I am also requesting an investigation of possible, "Black Ball" performance to block my future employment. (Please see attachment)

Count10:

## COVID 19 VIOLATION

Mann+Hummel has violated the North Carolina Labor Laws of forcing employees to pay $100.00 per month (paycheck deduction) for 1 full year because we did not want to take the COVID-19 Vaccination. During this time, we were exercising work-from-home methods and spacing desks in the workplace to prevent employees from working within close vicinity of one another. The entire office was renovated to prevent precautions against the spread of COVID-19 therefore the charges were extremely unnecessary. For this reason, I am requesting my $1200.00 return payment.

Please Note: I am requesting a thorough investigation and an opportunity to inform employees that there is help. Employers do not have the right to allow mistreatment of employees and place them in fear of losing their jobs if they do not cooperate with unethical actions in the workplace.

I am asking that you please take my case into consideration because there are millions of employees experiencing the same wrongful termination situations.

I sincerely believe that Mann+Hummel was allowed to perform unethical treatment and unprofessional decisions. These actions should be recognized, and the owners should be notified of the inequitable and inefficient behavior of those in Management to assist with positive changes in the company.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
(980) 296-1250
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/23/2024

**To:** Ms. Phyllis Michaux
435 43rd Ave NW
Hickory, NC 28601

Charge No: 430-2024-02913

EEOC Representative and email:   CORDNEY HARRIS
Federal Investigator
cordney.harris@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 430-2024-02913.

On behalf of the Commission,

*TaKeesha R. Washington*

DN: cn=TaKeesha R. Washington, o=Equal Employment Opportunity Commission, ou=Charlotte District Office, email=takeesha.washington@eeoc.gov, c=US
Date: 2024.12.23 09:21:20 -05'00'

for
Elizabeth "Betsy" Rader
District Director

**Cc:**
Maureen Hall
Hall Law offices pllc
3250 PLANTERS RIDGE RD MAUREEN@HALLLEGALCOUNSELORS COM
Charlotte, NC 28270

Keith Clark
Mann Hummel Filtration Technology US LLC
1 Wix Way
Gastonia, NC 28054


Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 430-2024-02913 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 430-2024-02913 to the District Director at Elizabeth "Betsy" Rader, 129 West Trade Street Suite 400, Charlotte, NC 28202.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

Case 3:25-cv-00200-KDB-SCR    Document 1    Filed 03/20/25    Page 18 of 19

**From:** Tucker, Thadd <Thadd.Tucker@mann-hummel.com>
**Sent:** Thursday, November 30, 2023 5:02 PM
**To:** Michaux, Phyllis <Phyllis.Michaux@mann-hummel.com>
**Subject:** Referral

Hi Phyllis,

Feel free to use this as a referral:

Phyllis Michaux is a valued team member who has made many positive contributions to the FleetDirect program. As a brand new business and online-only selling platform, FleetDirect is very reliant on accurate and complete data files to ensure the customer is able to find the filters they need for their trucking fleet. As a startup, we have to be nimble and react quickly to fill gaps in our coverage of filters by truck models/VIN numbers. Phyllis has proven time and again that she will move quickly to fix any gaps that are identified in our ACES and PIES files, including going above and beyond by calling truck dealerships to go and check under the hood on trucks for hard-to-find filter-to-model matches. She does so enthusiastically and is always encouraging the entire team as we continue to forge our way through the typical struggles of a startup business. She's a pleasure to work with and has been a solid contributor to our early successes. I'm confident that Phyllis would make an excellent team member wherever she has an opportunity to leverage her skills.

Thadd Tucker

Director, Marketing